IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BUILT RIGHT CONSTRUCTION, INC. ) <br>    d/b/a Built Right Construction Inc ) <br>    d/b/a Built Right, Inc. ) <br>    d/b/a Built Right Construction (Drywall ) <br>      Contractor) ) <br> ) <br> VINCENT PAINO a/k/a Vince Paino, individually ) <br>    and d/b/a Built Right Construction, Inc., ) <br>    d/b/a Built Right Construction Inc ) <br>    d/b/a Built Right, Inc. ) <br>    d/b/a Built Right Construction (Drywall ) <br>      Contractor) ) <br> ) <br> RIZEK KHALIFEH, individually and ) <br>    d/b/a Built Right Construction, Inc., ) <br>    d/b/a Built Right Construction Inc ) <br>    d/b/a Built Right, Inc. ) <br>    d/b/a Built Right Construction (Drywall ) <br>      Contractor) ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 1:08-cv-00465 <br><br> FILED <br> JUN 1 0 2008 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

## DEFAULT JUDGMENT AS TO
## BUILT RIGHT CONSTRUCTION, INC., AND RIZEK KHALIFEH

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund," "Pension

Fund" or "Plaintiff"), it appears to the Court that Defendants, Built Right Construction, Inc.,

d/b/a Built Right Construction Inc, d/b/a Built Right, Inc., d/b/a Built Right Construction

(Drywall Contractor), and Rizek Khalifeh, individually and d/b/a Built Right Construction, Inc.,

d/b/a Built Right Construction Inc, d/b/a Built Right, Inc., d/b/a Built Right Construction

(Drywall Contractor), ("Company" or "Defendants"), has willfully failed to appear, plead or otherwise defend, and it is **ORDERED**:

1. Plaintiff's Motion is **GRANTED**;

2. Judgment is entered against Company and in favor of Plaintiff in the total amount of $68,401.62 itemized as follows:

   (a) Unpaid contributions for the period of mid-September 2006 through January 2007, and May 2007 through April 2008 in the amount of $44,161.16 under 29 U.S.C. § 1132(g)(2);

   (b) Late charges on late-paid contributions for the period July 2006 through mid-September 2006, and February 2007 through August 2007 in the amount of $1,143.59;

   (c) Liquidated damages on late-paid contributions for the period July 2006 through mid-September 2006, and February 2007 through August 2007 in the amount of $3,705.69;

   (c) Interest on unpaid contributions from the date contributions became due through May 31, 2008, in the amount of $2,221.00;

   (d) Liquidated damages on unpaid contributions in the amount of $8,832.23. As indicated above, Defendants owes $44,161.16 in unpaid contributions. Defendant owes liquidated damages totaling twenty percent (20%) of the unpaid contributions. The total amount of liquidated damages is greater than the interest due. Therefore, Defendant owes liquidated damages in the amount of $8,832.23.

   (e) Attorneys' fees and costs in the amount of $8,337.95 incurred by Plaintiff through June 3, 2008, as provided in 29 U.S.C. § 1132(g)(2)(D).

3. Company, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from

refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendant is obligated to do so under its collective bargaining agreement(s).

4. If further action by the Pension Fund is required to obtain payment of the amounts owed by Defendant, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs in addition to those set out in Paragraph 2(d) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

5. Within ten (10) days of the entry of this Order, Defendant shall fully and accurately complete and submit to the Plaintiff any and all outstanding remittance reports through May 31, 2008, together with a check for the full amount of the contributions and dues due, including interest and liquidated damages.

6. If additional delinquencies are discovered pursuant to the submission of the remittance reports or to an audit, or as a result of additional information that becomes available to the Plaintiff, the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2) together with any audit costs incurred by the Plaintiff.

9. Plaintiff is awarded reimbursement of all additional attorneys' fees and costs it incurs in the collection and enforcement of this judgment as well as those incurred in the

collection of delinquent contributions which may be found to be due as a result of the audit provided for in this Order.

10. If Defendant fails to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

*[signature]*
The Honorable Henry H. Kennedy
United States District Judge

Date: June 9, 2008

Copies of this Default Judgment shall be sent to:

Kent G. Cprek, Esquire
Jennings Sigmond, P.C.
510 Walnut Street, 15th Floor
Philadelphia, PA 19106-3683

Built Right Construction, Inc.
387 Passaic Avenue
Fairfield, NJ 08093

Rizek Khalifeh
24 Willet Street
Bloomfield, NJ 07002

196262
PTINTF-29592

4